| | |
|---|---|
| JAMES HOLLAND HELMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

## I. FACTUAL BACKGROUND

On March 16, 2016, Petitioner James Holland Helms ("Petitioner") was charged in a Bill of Indictment with one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count One). [CR Doc. 1 at 1: Bill of Indictment]. The Indictment specifically charged as follows:

> On or about October 12, 2015, in Catawba County, within the Western District of North Carolina, and elsewhere, [Petitioner] having been previously convicted of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms in and affecting commerce, that is: a Lorcin, model L9mm, 9mm caliber pistol, in violation of Title 18, United States Code, Section 922(g)(1).

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 5:20-cv-00085-KDB, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 5:16-cr-00015-KDB-DCK-1.

[Id. at 1]. The parties reached a plea agreement pursuant to which Petitioner agreed to plead guilty to this charge in exchange for the Government's agreement to certain sentencing recommendations. [See CR Doc. 21 at ¶¶ 1, 7: Plea Agreement].

On October 26, 2016, the Magistrate Judge conducted Petitioner's plea colloquy. [CR Doc. 23: Acceptance and Entry of Guilty Plea]. At the plea colloquy, Petitioner testified to being, in fact, guilty of the count charged in the Indictment. [Id. at ¶ 24]. Petitioner further testified that he had read, understood, and agreed with the factual basis that had been filed with his plea agreement. [Id. at ¶ 31]. The factual basis provided, in part, that "prior to the incidents described above, [Petitioner] was convicted of a crime punishable by imprisonment for a term exceeding one year. Consequently [Petitioner] was prohibited from possessing firearms on October 12, 2015." [CR Doc. 22 at 3: Factual Basis]. The Magistrate Judge accepted Petitioner's guilty plea, finding that it was knowingly and voluntarily made. [CR Doc. 23 at p. 4].

Petitioner was sentenced on March 6, 2017. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 30: PSR]. The probation officer recommended a Total Offense Level of 24 and a Criminal History Category of IV, yielding a recommended guidelines range of 77 to 96 months' imprisonment. [Id. at ¶¶ 31, 42, 68]. The Court varied below the guidelines range and sentenced Petitioner to a term of imprisonment of 75 months, citing various sentencing factors under 18 U.S.C. § 3553(a). [CR Doc. 36 at 2: Judgment; CR Doc. 37 at 3: Statement of Reasons]. Judgment on Petitioner's conviction was entered on March 10, 2017. [CR Doc. 36]. Petitioner did not appeal his conviction or sentence.

On May 28, 2020, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking that his "plea and conviction must be vacated" based on the Supreme Court's

decision in United States v. Rehaif, 139 S. Ct. 2191 (2019).[2] [Civil Case No. 5:20-cv-00068-KDB, Doc. 1]. The Court gave Petitioner notice, pursuant to United States v. Castro, 540 U.S. 375 (2003), that it intended to construe his § 2241 petition as a motion to vacate under 28 U.S.C. § 2255 and ordered Petitioner to indicate whether he agreed or disagreed with this characterization. [Id., Doc. 5]. Petitioner responded by filing a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255, which is before the Court now. [CV Doc. 1]. The Court dismissed Petitioner's § 2241 petition for failure to prosecute and as duplicative of this action. [Civil Case No. 5:20-cv-68, Doc. 6].

In the instant motion, Petitioner argues that he "is entitled to relief because his guilty plea is constitutionally invalid … because neither he nor any of the parties including the court and the government, properly understood the elements of the offense to which he pled guilty." [CV Doc. 1 at 4]. Petitioner argues that, under Rehaif, "an individual is not guilty of a § 922(g) offence [*sic*] unless he had knowledge of his prohibited status within one of the nine categories under the state at the time he possessed the firearm." [Id. at 4]. Petitioner claims Rehaif "voids [his] guilty plea because this court accepted it without advising Petitioner of the element requiring knowledge of his … prohibited status under § 922(g)." [Id. at 5]. Petitioner also argues that Rehaif applies retroactively on collateral review. [Id. at 5-7]. Petitioner, however, does not claim that he was unaware of his felony status when he possessed the firearm for which he was convicted.

Petitioner argues that his motion to vacate is timely under 28 U.S.C. § 2255(f)(3), "which establishes a one-year limitations period that runs from the 'date on which the right asserted has been newly recognized by the supreme court, if that right has been newly recognized by the

---

[2] In Rehaif, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

3

supreme court and made retroactively applicable to cases on collateral review" because Rehaif "is both 'new' and retroactively applicable." [CV Doc. 1 at 15 (errors uncorrected)]. Petitioner placed his motion in the prison mailing system on June 23, 2020. [Id. at 16].

On November 24, 2020, the Court granted the parties' motions to hold this action in abeyance pending final disposition of the petition for writ of certiorari to the Supreme Court in United States v. Gary, 954 F.3d 194 (2020). [CV Docs. 3-5]. The Supreme Court reversed Gary sub nominee in Greer v. United States, 141 S. Ct. 2090 (2021). After Greer, the Court ordered the parties to show cause why the stay should not be lifted. [CV Doc. 6]. The Government timely responded, agreeing that the stay should be lifted. [CV Doc. 7]. Petitioner failed to respond. On July 6, 2021, the Court lifted the stay and allowed the Government 30 days to respond to Petitioner's motion to vacate. [CV Doc. 8]. The Government timely responded. [CV Doc. 10]. The Court's Order lifting the stay was returned as undeliverable to Petitioner because he was no longer at the facility of record in this matter. Petitioner was released from federal custody on May 21, 2021. [CV Docs. 9, 11; 8/23/2021 Docket Entry].

This matter is ripe for adjudication.

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that the issues raised by Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judgment was entered in this action on March 10, 2017, and Petitioner did not appeal. Petitioner's conviction, therefore, became final for purposes of Section 2255(f) on March 24, 2017, fourteen days after judgment was entered. See Fed. R. App. P. 4(b)(1)(A). Accordingly, the one-year period of limitations under Section 2255 expired on March 26, 2018.[3] See 28 U.S.C. § 2255(f)(1). Petitioner did not mail his motion to vacate until June 23, 2020, well past the expiration of the one-year limitations period.[4] [See CV Doc. 1 at 16; CV Doc. 1-1]. As such, Petitioner's

---

[3] One year after March 24, 2017 fell on March 24, 2018, a Saturday.

[4] Petitioner mailed his Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, which the Court intended to construe as a motion to vacate but which Petitioner failed to prosecute, on May 25, 2020. [Case No. 5:20-cv-68, Doc. 1 at 7].

5

motion is untimely and will be dismissed.[5]

Moreover, even if Rehaif afforded Petitioner relief, which it does not, and created a new right retroactively applicable on collateral review, which it does not, Petitioner did not file his Section 2255 motion until more than one year after Rehaif was decided. Petitioner's motion, therefore, is untimely in any event.

## IV. CONCLUSION

For the foregoing reasons, the Court denies and dismisses Petitioner's § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

---

[5] This action is also subject to dismissal for Petitioner's procedural default, Bousley v. United States, 523 U.S. 614, 621-22 (1998), and on the merits, Greer v. United States, 141 S. Ct. 2090 (2021) ("As many courts have recognized and as common sense suggests, individuals who are convicted felons ordinarily know that they are convicted felons.").

6

Case 5:20-cv-00085-KDB   Document 12   Filed 10/08/21   Page 6 of 7

**IT IS SO ORDERED.**

Signed: October 8, 2021

*[Signature]*

Kenneth D. Bell
United States District Judge